GERALD WHEELER ET AL. *vs.* THE NEW YORK, NEW
HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 30th, 1930—decided January 13th, 1931.

*Harry M. French,* with whom, on the brief, was
*Arthur B. O'Keefe,* for the appellant (plaintiff).

*Edward R. Brumley,* with whom, on the brief, was
*Fleming James, Jr.,* for the appellee (defendant).

HAINES, J. The record discloses that Wheeler was
injured while employed by a corporation known as
The New England Transportation Company as a

driver of one of its passenger busses which was in collision at a grade-crossing in Torrington, with a train operated by the defendant corporation. This action was brought by him to recover damages for those injuries. One of the defenses to the action was that the plaintiff had received full compensation for his injuries from the employer-corporation, under the operation of the Workmen's Compensation Act, and that such employer-corporation was a corporation "subsidiary" to the defendant corporation. This was demurred to on the ground that it did not appear that any privity existed between the plaintiff and the defendant nor that the stated relation between these corporations was such as to prevent suit by this plaintiff against the defendant. The overruling of this demurrer raises the only question presented by this appeal. This demurrer was filed March 14th, and a petition of the employer-corporation to be joined as coplaintiff, was granted by the court on March 28th. In this state of the record our only source of information as to the facts, is the pleadings, from which it appears that the plaintiff Wheeler has received compensation from the employer-corporation under the terms of the Workmen's Compensation Act; that the present action for damages is brought under the provisions of General Statutes, § 5231, which permits such action where it appears that the injury was sustained under circumstances creating legal liability in "some other person than the employer." That section further permits the employer to be joined as party plaintiff, the damages recovered, if any, to be apportioned as therein provided. Admittedly there are here two corporations. All we know from this record, of the relation of one to the other, is contained in the second paragraph of the so-called "Third Defense" which is as follows: "Plaintiff has received full compensation

from a corporation subsidiary to the defendant corporation, as an employee of said subsidiary corporation, for the injury alleged in the complaint, under and by virtue of the statutes in such case made and provided."

The contention of the defendant is summed up in the closing words of its brief as follows: "Parent and subsidiary represent the same purse. For many purposes they are considered in law to be the same person. The spirit of the Act, in the light of its purpose, requires that they be so considered here." A "subsidiary" corporation is one in which another corporation owns at least a majority of the shares, and thus has the control. Webster's New International Dictionary.

We only know, then, that the defendant is a majority stockholder in the employer-corporation. There is nothing to permit the inference that there is a merger, or that the legal identity of either has been in any way affected by the fact that the employer-corporation has become a subsidiary of the defendant. It would be pure assumption on our part to consider that they "represent the same purse," and equally an assumption to say that there existed between them any such relation as that which was brought about by the mergers recited in *Connecticut Co.* v. *New York, N. H. & H. R. Co.*, 94 Conn. 13, 107 Atl. 646, to which the defendant refers. The allegation that the employer-corporation was a subsidiary of the defendant corporation implies that it was at least the holder of a majority of the stock of the employer-corporation and thus had "control" of it. This is very far from showing a complete identity of interests, and the defendant's argument fails, largely for the reason that it is based upon that premise. The relation between the plaintiff and the employer-corporation was purely a contract relation, and such rights of compensation under the Compensation Act as he acquired, were

acquired by virtue of and under the implied terms of that contract. No relation of principal and agent between the two corporations is suggested by the record. The logic of the defendant's position is that the contract of employment made by the employer-corporation with the plaintiff was such as to make the defendant a party in interest, entitled to take the benefits of the employment, responsible for the wages of the employee and liable to respond to his claim for compensation for injury under the provisions of the Workmen's Compensation Act. A similar claim of joint responsibility was made in behalf of the plaintiff contractor in the case of *Marsch* v. *Southern New England Ry. Corporation,* 230 Mass. 483, 120 N. E. 120, decided in 1918. In that case the plaintiff had a written contract with the Southern New England Railway Corporation for the construction of a line of road. In suing for an alleged breach of the contract, the above-named corporation was made the defendant in one suit, the Grand Trunk Railway of Canada defendant in a second, the Central Vermont Railway Company defendant in a third, and all were joined as defendants in a fourth action. They were tried together. It was alleged in the complaint in the second and third actions, that the defendant had organized the Southern New England Railway Corporation in Massachusetts "merely as an instrumentality whereby the defendant might secure authority under the law to build within the limits of Massachusetts" the desired road, "that the defendant has the sole ownership and control of said Southern New England Railroad Corporation; that the defendant controls almost the entire subscription of capital stock; that the principal officers and directors of the defendant and the said Southern New England Railroad Corporation are identical; that . . . in furtherance of said undertaking the defendant,

through the instrumentality of its *alter ego,* the Southern New England Railroad Corporation" entered into the contract with the plaintiff. This presents a far stronger state of facts to support a joint interest in the contract than would the allegation that the Southern New England Railroad Corporation was a "subsidiary" of these named defendants. The trial court sustained a demurrer to these allegations upon the ground that neither the identity of stockholders nor the control of the contracting corporation operated to create a merger of the corporations into one or make either the *alter ego* or agent of the other, and that they were to be treated as distinct entities; citing *Richmond & Irvine Construction Co.* v. *Richmond, Nicholasville, Irvine & Beattyville R. Co.,* 68 Fed. 105, and *Salomon* v. *Salomon & Co.,* L. R. (1897) A. C. 22. We are in full accord with this holding, and think it a conclusive answer to the claims of the defendant in the present case. If proof of the identity of stockholders and of control does not justify a holding that there has been a merger, proof that one corporation was a "subsidiary" of the other would not be sufficient to do so. The action of the trial court in overruling the demurrer was erroneous.

There is error, the judgment is set aside and the cause remanded to the Superior Court to be proceeded with according to law.

In this opinion the other judges concurred.