■    CHARLES R. THOMAS, Respondent, v. MAIGO CORPORATION et al., Appellants. (Appeal No. 1.) — Order unanimously affirmed, with costs. Memorandum: We affirm on the opinion at Special Term which correctly concluded that although appellants are fully owned subsidiaries controlled, dominated and financed by Courier Express, nevertheless, appellants were and are separate and distinct legal entities. Further we note that even though appellants are subsidiary corporations of their parent corporation, Courier Express, they may not be considered as "employees" of Courier Express and hence fellow-employees of these plaintiffs-respondents "in the same employ" within the meaning of subdivision 6 of section 29 of the Workmen's Compensation Law (see *Daisernia* v. *Co-operative G.L.F. Holding Corp.,* 26 A D 2d 594). Plainly, the use of the phrase "another in the same employ" as used in subdivision 6 of section 29 refers to fellow-employees. An "employee" is defined in the statute as being a "person" (Workmen's Compensation Law, § 2, subd. 4), while "employer" is defined as "a person, partnership, association, corporation" (Workmen's Compensation Law, § 2, subd. 3). Unlike *Daisernia,* the affirmative defenses raised here present no issue of fact requiring a trial and they were properly stricken. (Appeal from order of Erie Special Term, striking affirmative defenses in negligence action.) Present — Goldman, P. J., Marsh, Witmer, Moule and Cardamone, JJ.

■    JOHN F. GAWRON, Respondent, v. MAIGO CORPORATION et al., Appellants. (Appeal No. 2.) — Order unanimously affirmed, with costs. Same memorandum as in *Thomas* v. *Maigo Corp.* (37 A D 2d 754, decided herewith). (Appeal from order of Erie Special Term, striking affirmative defenses in negligence action.) Present — Goldman, P. J., Marsh, Witmer, Moule and Cardamone, JJ.