59427. BECK v. FLINT CONSTRUCTION COMPANY.

BIRDSONG, Judge.

Personal injury — summary judgment. Pertinent facts show that Latex Construction Co. has been engaged in interstate gas line and pump station construction for numerous years. Latex purchased property on New Peachtree Road in 1948. It utilized this property to store supplies and service its equipment utilized in the gas line construction business. In 1957, for reasons not related to this litigation, Latex created a wholly owned corporation, Flint Construction Co., to assume the construction of terminal and compression stations, leaving Latex with the pipe line laying part of its business. Latex regularly used dynamite in its pipe-laying activities, but Flint rarely used dynamite in construction of stations. In 1958-1959, Latex made certain improvements on the property at New Peachtree involving the use of dynamite, but there had been no further use of dynamite on that property since 1959. The evidence showed also that not only was Flint wholly owned by Latex but all the corporate executive positions in Flint were also occupied by the same persons in those positions in Latex. It is not disputed that the property at New Peachtree was carried on the records as the sole property of Latex and that all the servicing and repairs of vehicles and equipment were the responsibility of Latex. Flint occupied four offices as a tenant in the building at the New Peachtree location.

On May 5, 1977, the appellant Thomas F. Beck, an employee of Latex, was present on the premises at the New Peachtree site. Beck together with other Latex employees was engaged in the repair of a

back hoe. While walking across the property going from one job location to another, Beck felt something brush his foot. Looking down, Beck observed what appeared to be a sparkplug wire. When he reached down and picked it up, it exploded, causing serious injuries to his hand and peppered his body (including his eyes) with minute metal fragments. The item was determined to be an unexploded dynamite cap. After the incident, approximately 15 other caps were found in the same area, collected and detonated. There was evidence that the caps were found in the vicinity of a wash rack where vehicles were cleaned after construction work as well as at a place close to where a paint shed was being constructed. Beck successfully claimed against Latex for workers' compensation. He then brought suit against Flint for the tortious injury, arguing that Flint was a third party whose negligence either independently or together with Latex caused his injury. Beck's principal argument is that Flint was a joint occupant and exercised joint control over the premises at New Peachtree Road and as such breached a duty to treat Beck, as an employee-invitee, with reasonable care for the invitee's safety. The trial court granted summary judgment to Flint and it is that grant of summary judgment which forms the basis of this appeal. *Held:*

In his brief, Beck raises questions concerning the status of an invitee and the duty owed to an invitee; specific negligence; failure to discover and warn of a dangerous condition; presence of the blasting caps; and the doctrine of res ipsa locquitur, as well as arguing that Flint and Latex were joint occupants and in joint control of the premises. Beck admits that the threshold question, however, is that of joint occupancy and control. An adverse determination of that question renders the ensuing questions of negligence moot. We concur in that admission.

It is apparent that both Beck and Latex are in agreement that Latex was negligent in the storage or disposition of the blasting caps and that Latex did not exercise that degree of care toward its employee that Beck was due. For that reason, workers' compensation is being paid to Beck. Also for that reason, Latex is not a party to this suit because the workers' compensation is Beck's sole remedy against Latex. Ga. L. 1920, p. 176; 1922 pp. 929, 930; 1974, pp. 1143, 1144 (Code Ann. § 114-103); *Smith v. White Lift of Dalton,* 145 Ga. App. 596 (244 SE2d 117).

As we view Beck's argument, substantially it winnows itself into certain basic premises. Flint occupied space on the premises at the New Peachtree location. The officers that gave guidance and direction to Latex employees could also give guidance and direction to Flint employees. Many of the employees who worked for Latex

could also be and were put on Flint's payroll and performed duties for Flint. The equipment utilized by Latex could be devoted to service with Flint, with the equipment being changed only by placing a magnetized name plate bearing Flint's logo over the logo painted on the equipment indicating that it belonged to Latex. Beck himself worked only for Latex and all the men with whom he worked at the time of the accident were also employed by Latex. Flint and Latex were separate corporate entities and each maintained its own bank account, hired its own employees and paid its employees from separate funds. Beck in fact admits that Latex and Flint were separate entities. However, Beck argues that the relationship between Latex and Flint, their common use of equipment, their common location, and having the same corporate officers, is conclusive of the joint occupancy and control of the New Peachtree Road premises.

Our difficulty with this argument is the evidence lends itself to showing that Flint was nothing more than a non-rent paying tenant of Latex. Each of the corporate officers in effect wore two hats. There is no evidence that Flint exercised control over the use of the New Peachtree Road location. Flint was in a different business than Latex. Flint did not use blasting caps in its construction work and Latex did. Latex washed and serviced all the equipment. All the building construction on the New Peachtree location was conducted and funded by Latex. In short, the evidence conclusively shows that Beck clearly had a right of recovery against Latex and exercised that right through the claim for workers' compensation. There was no evidence that Flint had any responsibility for policing the grounds at the New Peachtree Road location, for maintaining any of the vehicles, for any building at the New Peachtree Road area, or that they were in any way responsible for the negligent scattering of the blasting caps on the grounds.

This brings us to the conclusion that Beck in reality is arguing that Flint is the alter ego of Latex and in that capacity owed the same degree of care to an invitee as did Latex. In the same breath, however, Beck argues that because Flint and Latex are entirely separate entities, Flint occupies the position of third party to Beck and therefore is not immune from a common law suit for tortious conduct as is recognized in Code Ann. § 114-103.

Not unsymphathetically, we note that Beck is impaled upon the horns of a dilemma. If he does not invoke the alter ego theory, there is no evidence to show that Flint, in fact, exercised control over the premises or had any duty to keep the premises safe for Latex employees, or was in any way connected to the negligent presence of the blasting caps. On the other hand, if he seeks to show that as an

alter ego Flint was saddled with all those liabilities and duties, Beck encounters the problem that as the alter ego of the employer of Beck, Flint is immune from a common law suit for tort to the same extent as the employer, Latex. See *Southern Wire & Iron, Inc. v. Fowler,* 217 Ga. 727, 731 (124 SE2d 738); *Yancey v. Green,* 129 Ga. App. 705, 706 (201 SE2d 162); *Mull v. Aetna Cas. &c. Co.,* 120 Ga. App. 791 (172 SE2d 147). However, the two separate statutes are mutually exclusive and irreconcilable. We conclude that Beck cannot successfully combine Flint as the alter ego of Latex and at the same time argue that they are separate for purposes of avoiding the exclusion established by Code Ann. § 114-103. Thus for either reason, i.e., that the evidence fails to show a duty or a negligent failure to exercise care toward Beck by Flint; or because Flint is the alter ego of Latex and is entitled to the protection from a common law suit in tort as employer, we conclude that the trial court correctly found no disputed issues of fact or law and properly granted Flint summary judgment. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408); *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED FEBRUARY 6, 1980 — DECIDED APRIL 18, 1980 — REHEARING DENIED MAY 2, 1980 —

*Louis F. McDonald,* for appellant.

*Eugene G. Partain, Gary G. Grindler, Thomas D. Harper,* for appellee.