**Mary Ann LOWE**

v.

**CHEMICAL SEALING CORPORATION.**

Civ. A. No. C 81–388.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 5, 1982.

Robert John White, Kenneth J. Rajotte, Faye D. LeVine, Atlanta, Ga., for plaintiff.

H. Lowell Hopkins, Atlanta, Ga., for defendant.

### ORDER

ORINDA D. EVANS, District Judge.

This diversity personal injury action is before the Court on Defendant's motion for summary judgment. Rule 56, Fed.R.Civ.P.

The basic facts of this case are not in dispute. Plaintiff, while performing her job with Defendant, was injured while operating "machine number 4" at Defendant's place of business.[1] The machine in question is used in Defendant's manufacturing operations to extrude mastic material into strips of sealing compound, which are then sold by Defendant to various building suppliers and contractors. Plaintiff's regular duties included operation of machine number 4. She was injured when the machine sprayed her with hot putty.

Alfred J. Paradise, Defendant's president, has filed an affidavit in which he avers that the machine in question was designed by Defendant's employees for use in Defendant's manufacturing operations. Further, he states that the machine was intended to be used solely and exclusively by Defendant in its Tucker, Georgia plant, and that the machine was assembled by employees of Defendant using component parts purchased as finished assemblies or manufactured by machine shops in and around Kansas City, Mo. Paradise Affidavit, Defendant's Exhibit "C."

Plaintiff applied for and received worker's compensation disability benefits because of her injuries as provided by the Georgia Workers' Compensation Act, Ga. Code Ann. Title 114.[2] Despite the fact that Ga.Code Ann. § 114–103 specifically provides that "[t]he rights and the remedies herein granted to an employee [covered by Title 114] shall exclude all other rights and remedies of such employee... at common law or otherwise, on account of such injury, loss of service, or death," and despite all of the case law holding that an employee can

not maintain a common law action for damages against her employer where both are subject to the Workers' Compensation Act, see e.g. *Burbank v. Mutual of Omaha Insurance Co.*, 484 F.Supp. 693 (N.D.Ga.1979), aff'd mem. 616 F.2d 565 (5th Cir. 1980); *Beck v. Flint Construction Co.*, 154 Ga.App. 490, 268 S.E.2d 739 (1980), Plaintiff has filed a claim based on negligence and strict liability in tort grounds. Plaintiff asserts that because of the so-called "dual capacity doctrine" such a claim can be made against Plaintiff here. That doctrine has been defined as:

> that theory under which an employer who normally enjoys immunity from common-law and statutory liability under the exclusive remedy provision of workers' compensation law may become liable to an employee when acting in a capacity outside the employer-employee relationship, which capacity may impose obligations apart from those as an employer. .

Annotation, "Workmen's Compensation Act as Furnishing Exclusive Remedy for Employee Injured By Product Manufactured, Sold or Distributed By Employer," 9 A.L.R. 4th 873, 875 n.2 (1981).

Plaintiff contends that this doctrine applies in this case because "the actions and conduct of the Defendant in designing and assembling the machine in issue created a relationship between the Defendant and Plaintiff of manufacturer (Defendant)/User (Plaintiff)," and therefore Defendant's "dual capacity" as employer and manufacturer "negates" the exclusive remedy provision of § 114–103.

Defendant, in an excellent brief, argues that Plaintiff's causes of action must fail

---

1. Plaintiff filed a "statement of material facts as to which there exists a genuine issue to be tried" in opposition to the instant motion. The first fact which Plaintiff alleges is in issue is whether or not she was in the employ of Defendant at the time of the injury and whether she was in the course and scope of her employment when she sustained the injuries of which she complains. However the first sentence of her brief in opposition states: "The Plaintiff does not dispute the fact that the accident and injuries complained of herein occurred while she was in the course and scope of her employ-

ment with Defendant." Furthermore this was admitted by Plaintiff in response to Defendant's request for admission of facts numbers 1 and 2. In light of this, the Court FINDS these facts to be undisputed.

2. Again Plaintiff has listed this as a fact in issue, see note 1 *supra*, even though her response to Defendant's request for admission number 3 and her brief in opposition clearly state that the benefits were applied for and received. The Court, therefore, also FINDS that this material fact is not in issue.

because of the exclusivity provision of Title 114. It contends that the dual capacity doctrine is not applicable to this case because for Defendant to have a "manufacturing capacity" here it would have to have been offering the machine in question for sale to the public.

The dual capacity doctrine has never been addressed by the Georgia courts. While it has been applied in limited circumstances in some jurisdictions, it has been the subject of much criticism. See e.g. *Billy v. Consolidated Machine Tool Corp.*, 51 N.Y.2d 152, 432 N.Y.S.2d 879, 412 N.E.2d 934, 939 (1980) (Dual capacity doctrine as it has been applied to employers in their capacities as manufacturers of plant equipment is "fundamentally unsound").

The Court does not need to decide the validity *per se* of the dual capacity doctrine here, because it is crystal clear that it does not apply to the facts in this case. Defendant, through discovery and affidavits, has clearly shown that machine number 4 was designed and built by it solely for use in its manufacturing process.[3] There is a plethora of cases which hold unequivocally that when an employee is injured by a machine built by the employer for the use of its own employees in its own production operations, and the employer is not offering the machine for sale to the public, the dual capacity does not apply.[4] Even in one of the few cases in which the doctrine was applied the court stated:

> We limit the holding of this case to a defendant who engages in *manufacturing for sale to the general public.* A single or occasional disconnected act does not constitute engaging in such manufacturing. *Douglas v. E. & J. Gallo Winery*, 69 Cal. App.3d 103, 113, 137 Cal.Rptr. 797 (1977) (emphasis supplied).

Based on the overwhelming precedent from other jurisdictions and the facts of this case, the Court HOLDS that the dual capacity doctrine does not warrant adoption under Georgia law to circumvent the exclusivity provision of the Workers' Compensation Act in circumstances such as those at issue. As one court has stated, to employ the dual capacity doctrine here

> might undermine extensively the policy sought to be achieved by the workmen's compensation act. There are endlessly imaginable situations in which an employer might owe duties to the general public, or to non-employees, the breach of which would be asserted to avoid the exclusive liability provision of our statute. It would be an enormous, and perhaps illusory, task to draw a principled line of distinction between those situations in which the employee could sue and those in which he could not. The exclusive liability provision would, in any event, lose much of its effectiveness, and the workmen's compensation system as a whole might be destabilized.

*State v. Purdy*, supra note 4, 601 P.2d at 260.

Given this holding the Court FINDS that Defendant has established its right to judgment with such clarity that Plaintiff cannot recover under any discernable circumstance.

---

3. Plaintiff contends that there is a genuine issue of material fact as to whether Defendant manufactured this machine for public sale. However, she has offered no evidence to support her position or to rebut the evidence offered by Defendant showing that the machine was built solely for its manufacturing purposes. Therefore, the Court FINDS that Defendant has carried its burden of establishing the absence of a genuine issue as to this material fact. See generally, *Erco Industries Ltd. v. Seaboard Coast Line Railroad*, 644 F.2d 424, 428 (5th Cir. 1981).

4. See e.g., *Knous v. Ridge Machine Co.*, 64 Ohio App.2d 251, 413 N.E.2d 1218 (1979); *Goetz v. Avildsen Tool & Machines, Inc.*, 82

Ill.App.3d 1054, 38 Ill.Dec. 324, 403 N.E.2d 555 (1980); *DePaolo v. Spaulding Fibre Co.*, 119 N.H. 89, 397 A.2d 1048 (1979); *Needham v. Fred's Frozen Foods, Inc.*, 171 Ind.App. 671, 359 N.E.2d 544 (1977). See also *Mott v. Mitsubishi International Corp.*, 636 F.2d 1073 (5th Cir. 1981); *State v. Purdy*, 601 P.2d 258 (Alaska 1979); *Cooper v. Queen*, 586 S.W.2d 830 (Tenn.Ct.App.1979); *Rosales v. Verson Allsteel Press Co.*, 41 Ill.App.3d 787, 354 N.E.2d 553 (1976). Cf. *Longever v. Revere Copper and Brass, Inc.*, 408 N.E.2d 857 (Mass.1980); *Mapson v. Montgomery White Trucks, Inc.*, 357 So.2d 971 (Ala.1978); *Strickland v. Textron, Inc.*, 433 F.Supp. 326 (D.S.C.1977).

See *Joplin v. Bias*, 631 F.2d 1235, 1237 (5th Cir. 1980). There exists no genuine issue of material fact as to the status of Defendant and its machine, Plaintiff's work related injury and Plaintiff's recovery under the Workers' Compensation Act. As the Court has found that the dual capacity doctrine cannot apply here, Defendant is entitled to judgment as a matter of law.

Therefore Defendant's motion for summary judgment is hereby GRANTED. Final judgment shall be entered for Defendant, with costs to be borne by Plaintiff.