Glen BOSWELL, Plaintiff-Appellant,

v.

MAY CENTERS, INC.,
Defendant-Respondent.

No. 47434.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 3, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 2, 1984.

Application to Transfer Denied
June 19, 1984.

Eugene H. Fahrenkrog, Jr., St. Louis, for
plaintiff-appellant.

Riethmann & Soebbing, Larry Valentine,
St. Louis, for defendant-respondent.

GAERTNER, Presiding Judge.

We are called upon to decide whether the exclusive remedy provision of the Missouri Workers' Compensation Law, § 287.120(1), RSMo 1978, shields a subsidiary corporation from an action for negligent injuries to an employee of the parent corporation.

Plaintiff's petition alleges that he was an employee of May Department Stores, d/b/a Famous Barr Company. While leaving his place of employment he slipped and fell on ice on a parking lot owned and operated by defendant May Centers, Inc. He filed a Workers' Compensation claim against May Department Stores, Inc., which was subsequently settled. He also instituted this action against May Centers, Inc., alleging that his injuries were caused by its negligence in the maintenance of its parking lot. May Centers filed a motion to dismiss asserting that the compensation claim filed by plaintiff was his exclusive remedy. The motion was supported by affidavit of the secretary of May Department Stores Company in which he set forth that May Center is a wholly-owned subsidiary of May Department Stores. The motion was submitted to the trial court on the basis of this affidavit, the deposition of the corporate secretary, and interrogatory answers of the defendant. The motion to dismiss thus became a motion for summary judgment and has been referred to as such by the parties. The motion was sustained by the trial court. Plaintiff appeals. We reverse.

"The commonest question arising out of relations between affiliated corporations and their employees is whether an employee of a wholly-owned subsidiary can sue the parent corporation, and whether an employee of the parent can sue the subsidiary." Larson, *The Law of Workmens' Compensation,* Vol. 2A, § 72.40 (1983).

The observation makes it somewhat surprising that this is a case of first impression in Missouri. We look, therefore, to the decisions of other jurisdictions for guidance.

Although some jurisdictions have reached a contrary result for varying reasons, the majority of courts which have addressed the problem have concluded that the immunity from common law liability is applicable only to the immediate employer and does not extend to the affiliated parent, subsidiary, or sibling corporation. A listing of such decisions is set forth in the margin.[1] The rationale underlying this conclusion is found in the basic concept of separateness and individuality of distinct corporate entities. The purposes for which a corporation determines to conduct its operations through subsidiaries rather than divisions are myriad, including tax considerations, financing, labor relations and managerial organization with clearly defined channels of authority and responsibility. Perhaps the most common purpose is to shield the parent from the financial, contractual, and tort liabilities of the subsidiary. It is totally incongruous and patently unjust to permit the parent to hide behind the shield of separate corporate identity when advantageous, but to disavow such separateness when it is not. Strangers may be permitted to show commonality of control and identity, but the corporation may not "pierce its own corporate veil"—a veil it has deliberately established.

Jurisdictions reaching a contrary conclusion have done so for different reasons. For example, in *Beck v. Flint Construction Co.*, 154 Ga.App. 490, 268 S.E.2d 739 (1980), an employee of the parent corporation faced the dilemma of having to establish that the wholly-owned subsidiary was the alter ego of the parent in order to impose a duty upon the subsidiary to maintain the property owned by the parent but used jointly by both. The two companies shared the same officers and directors, the same offices (the subsidiary paying no rent), interchanged equipment and some employees were on the payroll of and performed services for both companies. The Georgia court held that the subsidiary was the alter ego of the parent. Otherwise, there was no duty incumbant upon the subsidiary to maintain the property owned by the parent in a safe condition. Thus, plaintiff could not prove the existence of a duty without extinguishing the separate identity of the two companies.

The present case is clearly distinguishable. The duty of maintaining the parking lot was solely that of May Centers. The nature of the business conducted by each corporation was distinct and unrelated. They had no common employees, although two of the five members of the Board of Directors of May Centers were also directors of May Department Stores Company. The commonality of corporate existence, a prerequisite to the Georgia alter ego theory is not present here.

The only other jurisdiction we have found which permits affiliated corporations to share immunity from common law actions under a Workers' Compensation exclusive remedy provision is Louisiana. However, this result is predicated upon the language of the Louisiana Law, LSA 23:1032, which extends the immunity from common law action to "any principal or any officer, director, stockholder, partner or employee of such employer...." The Missouri exclusive remedy provision, § 287.-120(1), RSMo 1978 affords immunity only

1. *Gulfstream Land & Development Corp. v. Wilkerson*, 420 So.2d 587 (Fla.1982); *Lyon v. Barrett*, 89 N.J. 294, 445 A.2d 1153 (1982); *Gigax v. Ralston Purina Co.*, 136 Cal.App.3d 591, 186 Cal.Rptr. 395 (1982); *Love v. Flour Mills of America*, 647 F.2d 1058 (10th Cir.1981) (Oklahoma law); *Boggs v. Blue Diamond Coal*, 590 F.2d 655 (6th Cir.1979) (Kentucky law); *Oliver v. St. Clair Metal Products Company*, 45 Mich.App. 242, 206 N.W.2d 444 (1973); *Thomas v. Maigo Corp.*, 37 A.D.2d 754, 323 N.Y.S.2d 106 (1971); *Phillips v. Stowe Mills, Inc.*, 5 N.C.App. 150, 167 S.E.2d 817 (1969); *Wheeler v. New York, N.H. & H.R. Co.*, 112 Conn. 510, 153 A. 159 (1931).

*Contra: Braud v. Dixie Machine Welding & Metal Works, Inc.*, 423 So.2d 1243 (La.App. 1982); *Beck v. Flint Construction Co.*, 154 Ga. App. 490, 268 S.E.2d 739 (1980).

to the "employer" who is defined in § 287.-030, RSMo 1978, as:

> (1) Every person, partnership, association, corporation, trustee, receiver, the legal representatives of a deceased employer, and every other person, . . . using the service of another for pay;

This statutory distinction renders the Louisiana decisions inapposite.

The sole argument presented by defendant is that the ultimate financial responsibility for the payment of plaintiff's common law claim and his Workers' Compensation claim rests upon May Department Stores Company. Citing no authority in support of its position, defendant argues that plaintiff would be unjustly enriched if he were allowed a double recovery under Workers' Compensation and common law. Section 287.150, RSMo 1978, providing for subrogation of the employer to the rights of the employee against a third party, insures against any possibility of double recovery. While any liability of May Centers, Inc., does necessarily have a monetary effect upon its solitary shareholder, a corporation has existence separate and distinct from its shareholders. Just as shareholders are generally insulated from corporate liabilities, they are excluded from corporate immunities. *See Mastey v. Mancusi*, 122 Misc.2d 119, 469 N.Y.S.2d 890 (Sup.Ct. 1983). Should a Famous Barr customer fall and be injured on the parking lot owned and operated by May Centers, and then sue May Department Stores for damages, we have no doubt the latter would be quick to deny responsibility, insisting upon its corporate separateness from its subsidiary, despite the fact that the ultimate financial responsibility would be borne by the parent shareholder.

As noted above, the majority of courts which have considered this question have determined that the exclusive remedy provision of Workers' Compensation Acts is not a bar to a common law action against a parent or subsidiary corporation of the plaintiff's immediate employer. We find these cases to be well reasoned and persuasive. This conclusion is in conformity with the general principle of Missouri corporate law that "mere ownership of all the stock of one corporation by another, and the identity of officers of one with officers of another, are not alone sufficient to create identity of corporate interest between the two companies or to create the relation of principal and agent or to create a representative or fiduciary relationship between the two." *Blackwell Printing Co. v. Blackwell-Weilandy Co.*, 440 S.W.2d 433, 437 (Mo.1969), citing *Garrett v. Southern Railway Co.*, 278 F.2d 424, 425 (6th Cir. 1960). This conclusion also furthers the Missouri policy that "[c]ommon law rights and remedies should not be taken from an employee unless they are abolished by clear and unambiguous terms." *Harryman v. L. & N. Buick-Pontiac, Inc.*, 431 S.W.2d 193, 196 (Mo. banc 1968).

Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.

SMITH, J., and FRANK CONLEY, Special Judge, concur.