THE FACTS YOU HAVE GIVEN US ARE AS FOLLOWS: 1. FIRST INTERSTATE BANCORP IS THE PARENT OF FIRST INTERSTATE BANK OF OKLAHOMA (FIOK). 2. OTHER BANKS, WHOSE PARENT CORPORATION IS ALSO FIRST INTERSTATE BANCORP, HAVE EXTENDED CREDITS TO PRIVATE FINANCIAL INSTITUTIONS IN THE REPUBLIC OF SOUTH AFRICA. 3. CORPORATE COUNSEL FOR FIRST INTERSTATE BANK OF OKLAHOMA, SAM D. OTT, STATES THAT HE IS OF THE OPINION THAT NEITHER FIOK NOR ANY OF ITS SUBSIDIARIES HAVE OUTSTANDING LOANS TO THE REPUBLIC OF SOUTH AFRICA OR ITS INSTRUMENTALITIES. IN ESSENCE, YOU ASK THIS OFFICE TO DECIDE WHETHER FIOK IS IN COMPLIANCE WITH 62 O.S. 71 [62-71] (1986), WHICH STATES, IN PART: ON AND AFTER JULY 1, 1987, NO PUBLIC FUNDS OR MONIES SUBJECT TO THE CONTROL OF THE STATE TREASURER SHALL REMAIN DEPOSITED IN ANY BANK OR FINANCIAL INSTITUTION WHICH DIRECTLY OR THROUGH ITS SUBSIDIARIES HAS OUTSTANDING LOANS TO THE REPUBLIC OF SOUTH AFRICA OR ITS INSTRUMENTALITIES." UNFORTUNATELY, THIS OFFICE IS UNABLE TO ISSUE AN OFFICIAL OPINION REGARDING YOUR QUESTION, AS SUCH AN OPINION WOULD REQUIRE THIS OFFICE TO ASSUME AND RELY UPON FACTUAL EVIDENCE TO WHICH THIS OFFICE IS PRIVY ONLY BY VIRTUE OF THE ASSURANCES OF COUNSEL OF FIRST INTERSTATE BANK OF OKLAHOMA. ALTHOUGH THIS OFFICE DOES NOT QUESTION THE VERACITY OF THE STATEMENTS OF FIRST INTERSTATE BANK OF OKLAHOMA COUNSEL, SUCH EVIDENTIARY STATEMENTS ARE NOT PROPERLY TAKEN INTO ACCOUNT IN AN OFFICIAL ATTORNEY GENERAL OPINION. HOWEVER, ASSUMING THE FACTS AS ABOVE STATED ARE TRUE, IT DOES NOT APPEAR THAT THERE IS ANY VIOLATION OF THE STATUTE IN QUESTION. MOREOVER, ASSUMING THE ABOVE FACTS AS TRUE, AN OFFICIAL OPINION IS NOT WARRANTED AS THE PLAIN LANGUAGE OF THE STATUTE PROVIDES AN ANSWER TO YOUR INQUIRY. SECTION 71 CLEARLY APPLIES ONLY TO BANKS OR FINANCIAL INSTITUTIONS IN WHICH FUNDS OR MONIES SUBJECT TO THE CONTROL OF THE STATE TREASURER ARE PLACED. THE LETTER OF CORPORATE COUNSEL PROVIDED TO US CLEARLY STATES THAT NEITHER FIOK NOR ITS SUBSIDIARIES HAVE OUTSTANDING LOANS TO THE REPUBLIC OF SOUTH AFRICA OR ITS INSTRUMENTALITIES; THIS OFFICE IS NOT IN A POSITION TO DISPUTE THAT STATEMENT. A SUBSIDIARY CORPORATION IS ONE IN WHICH ANOTHER CORPORATION (CALLED THE PARENT CORPORATION) OWNS AT LEAST A MAJORITY OF THE SHARES, AND THUS HAS CONTROL. WHEELER V. NEW YORK, 153 A. 159; INTERNATIONAL ORDER OF TWELVE KNIGHTS AND DAUGHTERS OF TABOR V. FRIDIA,91 S.W.2d 404. A BANK SIMPLY AFFILIATED WITH THE PARENT CORPORATION OF FIOK WOULD NOT APPEAR TO MEET THIS CRITERIA. OF COURSE, THIS OFFICE HAS NO INFORMATION AS TO WHETHER, IN FACT, FIOK OWNS ANY STOCK IN OTHER AFFILIATED BANKS OF FIRST INTERSTATE BANCORP, OR HAS OTHER SUBSIDIARY BANK HOLDINGS. MOREOVER, THIS OFFICE IS NOT IN A POSITION TO QUESTION THE STATEMENT OF CORPORATE COUNSEL THAT FIOK HAS NO FINANCIAL DEALINGS WITH THE REPUBLIC OF SOUTH AFRICA OR ITS INSTRUMENTALITIES. ASSUMING THIS TO BE THE CASE, THE STATUTE, ONCE AGAIN, CANNOT BE VIOLATED. ASSUMING, THEN, THE FACTS AS GIVEN TO US, AND ASSUMING THAT THE CERTIFICATE SUBMITTED TO THE FINANCIAL INSTITUTION CERTIFIES THE FACTS AS GIVEN TO US BY YOUR OFFICE, WE HAVE NO BASIS ON WHICH TO QUESTION EITHER THE VALIDITY OF THE CERTIFICATE OR WHETHER FIOK IS IN COMPLIANCE WITH 62 O.S. 71 [62-71]. (SUSAN BRIMER LOVING)