Melody D. CAREY, Appellant,

v.

Phyllis I. RUNDE, Respondent.

No. WD 49096.

Missouri Court of Appeals, Western District.

Nov. 8, 1994.

---

Daniel J. Matula, Kansas City, for appellant.

Tina Smith, Ben T. Schmitt, Kansas City, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and SPINDEN, JJ.

FENNER, Chief Judge.

Melody D. Carey appeals from the trial court's grant of summary judgment on her petition in favor of Phyllis I. Runde. The trial court found that Carey's exclusive remedy is under the Workers' Compensation Act and dismissed her petition. On appeal, Carey contends that the trial court erred in entering summary judgment because: 1) summary judgment was not supported by evidence properly before the court; 2) there was a genuine issue of material fact; and 3) the Workers' Compensation Act is not the exclusive remedy for Carey's injury. We affirm.

On June 15, 1993, Carey filed a "Petition for Bodily Injuries" against Runde alleging that on September 5, 1992, Runde assaulted Carey by striking her with a lit cigarette. The petition also alleged that at the time of the assault, Carey was working at Fuzzy's South. The petition further alleged that Runde's conduct was malicious and entitled Carey to both actual and punitive damages.

On July 6, 1993, Runde answered Carey's petition and admitted that Carey was working at Fuzzy's South on September 5, 1992, but denied all other allegations. The answer also raised several affirmative defenses including that Carey's claim is barred by the Workers' Compensation Act.

On January 21, 1994, Runde filed an unverified motion for summary judgment pursuant to Rule 74.04(c). In Runde's suggestions in support of summary judgment, Runde argued that she was entitled to summary judgment because the Workers' Compensation Act provides the sole and exclusive remedy for Carey's recovery. Runde's suggestions incorporated facts from both Runde's[1] and Carey's depositions. Portions of the depositions were attached to the unverified motion and neither deposition was certified. Runde also did not submit any affidavits. However, Runde's complete deposition was filed with the court.

Runde's suggestions included the following relevant facts which she claimed were uncontroverted and supported her claim that Carey's sole remedy was provided by the Workers' Compensation Act. Phyllis and Michael Runde were co-owners of Fuzzy's South at the time of the incident. Phyllis Runde was Melody Carey's boss and prior to the incident, they had no animosity toward each other. The alleged assault took place at Fuzzy's South while Carey was working as the manager. Carey was allegedly assaulted when she was removing Runde at the direction of the co-owner of Fuzzy's South, Mike Runde. Runde claimed that there was no evidence that the assault was intentional, but for the purpose of summary judgment, she admitted that it was intentional.

On February 18, 1994, Carey filed suggestions in opposition to Runde's motion for summary judgment. Essentially, Carey claimed that there were only two uncontroverted facts that the court needed to consider to dispose of Runde's motion for summary judgment: 1) Phyllis Runde was Carey's boss; and 2) Runde pled guilty in Associate Circuit Court to the charge of assault. Carey also argued that contrary to Runde's assertion, her claim was not barred by the Workers' Compensation Act. She did not object to Runde's unverified motion for summary judgment, nor to the uncertified depositions attached to the unverified motion. In fact, she cited to the uncertified depositions. Carey also did not dispute any of the facts contained in Runde's suggestions.

On February 23, 1994, the trial court granted Runde's motion for summary judgment and dismissed Carey's petition because Carey's "exclusive remedy is under the Workers' Compensation Act." This appeal followed.

■■■ On appeal from summary judgment, this court will review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc

---

1. The deposition contained in the record is under the name of Phyllis Irene Ritchey. Ritchey is Runde's birth name.

1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* The non-movant is accorded the benefit of all reasonable inferences from the record. *Id.*

■ The propriety of summary judgment is purely an issue of law, and our review is essentially de novo. *Id.* The movant bears the burden of establishing a right to judgment as a matter of law and the absence of any genuine issue as to any material fact required to support that right to judgment. *Id.* at 378; Rule 74.04(c). Thus, the burden on a summary judgment movant is to show a right to judgment flowing from facts in regard to which there is no genuine dispute. *ITT Commercial Finance Corp.,* 854 S.W.2d at 378. With this standard in mind, this court will review Carey's appeal.

■ In Carey's first point, she claims that the trial court erred in granting summary judgment because Runde's motion for summary judgment was not supported by evidence properly before the court. Specifically, she objects to the trial court's consideration of portions of Runde's and Carey's depositions which were attached to Runde's unverified motion for summary judgment because neither deposition was authenticated or certified. Carey does not contend that the facts are in dispute.

Carey's point is without merit. Carey's failure to object promptly or move to suppress Runde's use of unauthenticated and uncertified depositions in support of her unverified motion for summary judgment waived the objection. *See Lay v. St. Louis Helicopter Airways, Inc.,* 869 S.W.2d 173, 175 (Mo.App.1993); *Miller v. River Hills Dev.,* 831 S.W.2d 756, 758 (Mo.App.1992); *Central Elec. Power Coop. v. Sharp,* 758 S.W.2d 483, 484 (Mo.App.1988); *Mound Rose Cornice & Sheet Metal Works, Inc. v. H. Kalicak Constr. Co.,* 454 S.W.2d 603, 605 (Mo.App.1970). Rule 57.07(d)(4) requires that "[e]rrors and irregularities in the manner in which ... the deposition is prepared, signed, certified, sealed, endorsed, transmitted, filed, or otherwise dealt with by the officer under Rule 57.03 and Rule 57.04 are waived unless a motion to suppress the depositions or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained."

In the case at bar, Carey was notified by Runde's motion for summary judgment that Runde was relying on uncertified and unauthenticated depositions. Therefore, Carey was required to object to or file a motion to suppress the depositions at that time and her failure to do so constituted a waiver of the objection. Thus, because Carey was on notice that these depositions were offered for the trial court's consideration and she did nothing to bring the defects to the attention of the trial court, she cannot now charge that the trial court erred in considering these depositions. *Central Controls Co. v. AT & T Information Sys., Inc.,* 746 S.W.2d 150, 153 (Mo.App.1988).

Carey's first point is denied.

■ In her second point, Carey claims that "[t]he trial court erred in granting summary judgment because [Runde's] deposition testimony contained conflicting descriptions of how and why [she] burned [Carey] with a cigarette." Carey claims that Runde's conflicting descriptions raised an issue of material fact that could only be determined by a trial.

The record reflects that Runde admitted, for the purpose of summary judgment, that she intentionally burned Carey with the cigarette. Therefore, Carey's claim that Runde gave three conflicting versions of the incident in her deposition is irrelevant because there is no genuine issue of material fact. Carey's second point is denied.

In Carey's final point, she contends that the trial court erred in finding that her exclusive remedy was proceeding under the Workers' Compensation Act because her "claim of intentional infliction of injury by a owner/fellow employee is an exception to the exclusive remedy" of the Workers' Compensation Act.

The trial court did not err in granting summary judgment and dismissing the petition.

The Workers' Compensation Law is wholly substitutional in character and plaintiff's common law rights have been supplanted and superseded by the act, if it is applicable. *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. banc 1991). The exclusive remedy for injury or death of an employee from an accident arising out of and in the course of employment is a claim for compensation under Chapter 287, RSMo, and the Labor and Industrial Relations Commission has exclusive original jurisdiction to determine the facts that establish jurisdiction. *Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723, 726 (Mo. banc 1982). The doctrine of primary jurisdiction restrains a court from adjudicating a question within the jurisdiction of an administrative tribunal until that tribunal has rendered a decision. *Id.*

In the case at bar, for the purposes of this appeal, the facts show that Carey was working at the time that Runde, her boss, intentionally assaulted her at work. For purposes of the Workers' Compensation Act, the term "accident" includes "injury or death of the employee caused by the unprovoked violence or assault against the employee by any person." § 287.120.1, RSMo 1986. Whether the injury to Carey was the result of an accident within the meaning of the Workers' Compensation Law so as to preclude any claim against Runde other than a claim under section 287.120, remains for original determination by the Commission. *Lovelace v. Long John Silver's, Inc.*, 841 S.W.2d 682, 686 (Mo.App.1992). It is the Commission which must initially determine whether the injury was from an intentional act, thus permitting plaintiff to proceed outside the Workers' Compensation Law. Thus, the trial court properly granted summary judgment.

Carey's third point is denied.

Judgment affirmed.

All concur.