**STATE of Missouri ex rel., Paul CHANG and Karen Chang, Relators,**

v.

**Honorable William ELY, Judge, Circuit Court of Jackson County, Division 2, Respondent.**

No. WD 57786.

Missouri Court of Appeals, Western District.

Submitted March 21, 2000.

Decided June 20, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 2000.

Application for Transfer Denied Oct. 3, 2000.

Dale Lee Beckerman, Kansas City, for Appellant.

Jerrold Kenter, Kansas City, for Respondent.

Before JAMES M. SMART, Jr., P.J., PAUL M. SPINDEN and RONALD R. HOLLIGER, JJ.

JAMES M. SMART, Jr., Judge.

This case involves an underlying civil action brought by an employee against co-employees for negligently failing to keep a driveway free of ice.

There is no dispute concerning the operative facts. In December 1996, Brenda Valdivieso was employed by Paul Chang, RPT, P.C. Mr. Chang is a physical therapist. Mr. Chang's wife, Karen Chang, is also employed by the professional corporation. Mrs. Valdivieso performed secretarial duties under the supervision of Mrs. Chang, who manages the office. The physical therapy practice is conducted at the residence owned by Mr. and Mrs. Chang in Blue Springs, Missouri.

On December 23, 1996, Ms. Valdivieso parked her car in front of the Chang residence and walked up the driveway. While walking on the driveway, she slipped on ice, suffering an injury to her back. Upon entering the Chang residence, she stated that she had fallen on the driveway, suffered an injury, and reported her injury for worker's compensation purposes. She later processed a claim for compensation pursuant to §§ 287.100 et seq., RSMo 1994, and received benefits.

On March 22, 1999, Mrs. Valdivieso and her husband filed a civil suit against Mr. and Mrs. Chang arising out of the same incident. In that suit, they allege that at the time of the injury, Plaintiff Brenda Valdivieso was on the premises of the property owned by Paul and Karen Chang as a "business invitee" of Mr. and Mrs. Chang. The petition also alleges the existence of a dangerous condition on the premises which the Changs, as landowners, should have remedied. The Changs moved to dismiss for lack of subject matter jurisdiction, contending that the exclusive remedy for the injury in question was under the Workers' Compensation Act because the alleged negligent act was the failure to make the driveway safe. The Changs pointed out that the individuals associated with Ms. Valdivieso's employment having a legal duty to provide a safe place to work were Paul and Karen Chang. Defendants argued that the immunity provided by the workers' compensation law shielded them from individual liability in a common law negligence action.

The plaintiffs countered the motion with the argument that the professional corporation was Mrs. Valdivieso's employer, not the Changs, and she argued that the Changs are liable to suit in this case not as employers, but as landowners. The trial court, after consideration of the arguments, denied the motion to dismiss.

The Changs thereafter filed an application for a Writ of Prohibition in this court, contending that the trial court lacks subject matter jurisdiction over the claim and should be prohibited from proceeding further. We issued a preliminary order in prohibition on October 15, 1999. The matter was thereafter briefed and argued pursuant to Rule 84.24. After consideration of the pertinent factors, we hereby make our preliminary order absolute.

### Discussion

The Missouri Workers' Compensation Act, which became effective in 1926,[1] represented a solution to the problem that workers were often denied recovery for workplace injuries because the employer was able to make use of defenses such as contributory negligence, assumption of risk, and the fellow servant doctrine. Although the Workers' Compensation Act removed these defenses, and made compensation more certain and recovery more efficient, it also established limits on the amounts recoverable. The Act also provides the exclusive means of recovery for these injuries, providing tort immunity for the employer, and also for co-employees having responsibility to carry out the employer's duties. *Felling v. Ritter*, 876 S.W.2d 2, 5 (Mo.App.1994).

▮ The Labor and Industrial Relations Commission has exclusive jurisdiction of injury claims arising out of and in the

---

1. Laws 1927, p. 490. *State ex rel. Elsas v. Missouri Workmen's Compensation Comm'n,* 318 Mo. 1004, 2 S.W.2d 796 (Mo. banc 1928).

course of employment. *See Carey v. Runde,* 886 S.W.2d 707, 711 (Mo.App. 1994). Prohibition is appropriate to prevent a Circuit Court from exercising jurisdiction over a matter which is within the exclusive jurisdiction of the Labor and Industrial Relations Commission. *State ex rel. Rival Co. v. Gant,* 945 S.W.2d 475, 476 (Mo.App.1997).

Generally, an employee injured on the premises of the employer's business is allowed recovery under the Workers' Compensation Law. *State ex rel. McDonnell Douglas v. Luten,* 679 S.W.2d 278, 280 (Mo. banc 1984). Recovery is allowed not only when the employee is injured during the normal workday, but also when the injury occurs while the employee is arriving or leaving the premises. *Id.* When the cause of the worker's injury is the nonfeasance of a co-employee, there is no independent cause of action against the negligent co-employee because the Workers' Compensation Law provides an immunity for the co-employee responsible for carrying out the employer's duties as well as the employer itself. *Stanislaus v. Parmalee Industries, Inc.,* 729 S.W.2d 543, 546 (Mo. App.1987); *Hedglin v. Stahl Specialty Co.,* 903 S.W.2d 922 (Mo.App.1995). The courts have, therefore, required that in order for an employee to maintain an action against a negligent co-employee, the injured employee must allege "something more" than the co-employee's failure to implement the employer's duty of providing a safe workplace. *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 179 (Mo. App.1982); *see also Tauchert v. Boatmen's Nat. Bank of St. Louis,* 849 S.W.2d 573, 574 (Mo. banc 1993) (negligent co-employee must be guilty of "affirmative negligent act" and not merely nonfeasance).

The alleged act of negligence in this case was the failure to keep the driveway safe. This was not an "affirmative negligent act," but was simply an alleged failure to exercise care to provide a reasonably safe work place. Because the employer is responsible for the safety of the ways of ingress and egress, Mr. and Mrs. Chang, as supervisors, were responsible to employees for the safety of their driveway. The fact that the employer was a professional corporation rather than an individually owned proprietorship makes no difference. Either way, the Changs would enjoy immunity – either as employer or as co-employees.

Plaintiffs, however, argue that this case is different because their lawsuit against the Changs is asserted against them as *landowners* and not as *employers*. Indeed, their petition refers to the Changs only as landowners, and does not mention the employment relationship. The duty of the Changs to Mrs. Valdivieso, they allege, arose not out of the employment, but out of the fact that Mrs. Valdivieso was a "business invitee." This assertion, however, begs further analysis. There is no contention here that Mrs. Valdivieso was, at the time of the injury, about to have a physical therapy appointment. Nor did she receive treatment for her injury from Mr. Chang. Thus, this case is not like *Duprey v. Shane,* 39 Cal.2d 781, 249 P.2d 8 (banc 1952) (employee of chiropractic clinic allowed to bring malpractice claim against clinic under California law for negligent *treatment* of her injury sustained earlier while at work). It is undisputed that Mrs. Valdivieso was about to commence her normal workday. Thus, her presence on the premises was solely due to her employment. Accordingly, the pleaded concept of a separate duty to her as a "business invitee" disappears upon inspection. Any obligation that the Changs had to Mrs. Valdivieso to make their driveway safe was identical to their duty as co-employees to make the driveway safe for the ingress and egress of employees.

The plaintiffs argue that this case is governed by *Boswell v. May Centers, Inc.,* 669 S.W.2d 585 (Mo.App.1984). In *Boswell,* the plaintiff was injured when he fell after work while crossing a parking lot owned by a corporation which was a wholly owned subsidiary of his employer. *Id.* The

court held that the plaintiff could maintain a third-party action against the subsidiary corporation because it was a distinct entity. *Id.* at 587.

■ We agree with relators that *Boswell* is distinguishable. In that case, the entity owning the parking lot was an affiliated corporation, not a co-employee. In *Boswell,* the corporation owning the parking lot had no duties *under the Workers' Compensation Act* to make the parking lot safe for employees of the other corporation. Thus, in *Boswell,* the only source of duty running from the property owner to the injured plaintiff was the duty imposed by common law. In this case, even if there had been a general duty as landowner to make the property safe for licensees, and if we were to consider Mrs. Valdivieso a licensee, that duty would simply have been coextensive with the duty of the employer to make the premises safe. *See also Kelley v. DeKalb Energy Co.,* 865 S.W.2d 670, 672 (Mo. banc 1993) (partnership employee injured at work could not bring a common law action against, *inter alia,* fellow employees who participated in the design and manufacture of the machine causing the injury, because any duty the fellow employees had was a part of the employer's duty to provide a safe workplace). Even though a fellow employee may, in some circumstances, be a "third party" subject to civil liability for "something more" than the duty to carry out the employer's duty to make the work place safe, in this case the Valdiviesos have failed to allege circumstances which would preclude the Changs from receiving the benefit of the immunity provided by the Workers' Compensation Act.

### Conclusion

■ Prohibition is an appropriate remedy when the trial court is clearly exceeding its jurisdiction. *State ex rel. Boone Retirement Center, Inc. v. Hamilton,* 946 S.W.2d 740, 741 (Mo. banc 1997). Mr. and Mrs. Chang, as co-employees who allegedly failed to keep the driveway safe, clearly

enjoy the individual immunity provided by the Workers' Compensation Act. For the foregoing reasons, this court makes absolute its preliminary order in prohibition directing respondent to exercise no jurisdiction over the above referred case other than to dismiss the action for lack of subject matter jurisdiction.

SPINDEN and HOLLIGER, JJ., concur.